DUMAS, APPELLANT, *v.* THE REGISTRAR OF GUAYAMA,
RESPONDENT.

APPEAL from a Decision of the Registrar of Property Deny-
ing Admission to Record of a Certain Judicial Deed of
Sale of a Mortgage Credit.

No. 222.—Decided April 6, 1915.

RECORD OF TITLE—CANCELED MORTGAGE CREDIT.—A deed of sale of a mortgage
credit cannot be admitted to record when said credit is shown by the rec-
ords of the same registry to have been canceled.

ADMINISTRATIVE APPEAL—BRIEF.—In the case at bar the appellant did not file
a brief in support of the appeal, and it is his duty to present his argument
on clear and definite grounds, this court not being required to act on mere
conjecture which may be deduced more or less logically from an examination
of the papers filed.

The facts are stated in the opinion.

*Mr. Salvador Picornell* for the appellant.

Mr. Felipe Cuchí Arnau, the respondent registrar, did not
appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an administrative appeal from a decision of the
Registrar of Property of Guayama denying admission to rec-
ord of a certain judicial deed of sale of a mortgage credit.

It appears from the transcript of the record that on Janu-
ary 19, 1915, Luis G. Vila Mayo, Marshal of the Municipal
Court of Río Piedras, and Félix Dumas appeared before
Notary Salvador Picornell, and the former, in the name of
Pedro Virella Uribe, sold to the latter an instalment of a
certain mortgage credit recorded in the Registry of Prop-
erty of Guayama, which instalment had been levied on as
the property of the said Virella Uribe in two actions brought
against him by Félix Dumas in the Municipal Court of Río
Piedras. The date of the levy is not shown, but it is stated
in the deed that it was recorded in the registry. The judg-

ments under which the execution sale was made were rendered on October 16, 1914.

The deed of judicial sale was presented in the registry and the registrar refused its admission to record for the reasons stated in the following decision from which this appeal was taken:

"Admission to record of the foregoing document is denied because the instalment sold appears to be paid and canceled by a deed of acquittance executed before Notary Miguel Zavaleta in Guayama on June 1, 1911, the said cancellation having been recorded in this registry on October 6, 1914, by a marginal note to record seven, property 395, on the reverse side of page 34 of volume 9 of Arroyo."

On March 10, 1915, Félix Dumas, by his attorney, filed the documents in the office of the secretary of this court, stating that he was not satisfied with the said decision and would file later his reasons therefor. On March 20 the appellant asked for and was granted an extension of ten days in which to file his brief. This period passed without any further steps having been taken by the appellant.

In fact, to judge from the deed and the decision, there is no legal ground on which the appellant could object to the decision of the registrar, for, if the instalment in question was already canceled by a deed of acquittance and as a consequence had ceased to have lawful existence in the registry, how could a document transferring the ownership thereof be admitted to record?

The statement in the deed that the levies had been recorded in the registry, which would seem to imply that the credit existed when the levies were recorded, might give rise to some doubt, but upon examination it will be seen that the deed states the following: "This credit was created to be paid in four instalments, of which the last two have been canceled and the first two, on which the levy was made, remain in force and effect," and it appears to us unreasonable that the last two instalments of the debt should be paid and the

first two remain unpaid. Moreover, although the cancellation was made on October 6, 1914, or before the entry of the judgments but perhaps after the recording of the levies, it is a fact that it was authorized in the "deed of acquittance executed before Notary Miguel Zavaleta in Guayama on June 1, 1911," which date it is logically certain was prior to the recording of the levies.

Finally, we will say that we are not required to act on conjecture. It is the duty of the appellant to raise the question on clear and definite grounds. He has not done so and the statement made by the registrar in his decision to the effect that when the judicial deed of sale was presented in the registry for admission to record the instalment of the mortgage debt appearing in the said deed as having been sold had already been canceled, and that, therefore, the registrar was obliged to refuse to record the deed, holds good.

The appeal should be dismissed and the decision appealed from

. *Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.